**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TROY A. BROWN,<br><br>     Plaintiff,<br><br>  v.<br><br>CITY OF CAMDEN, et al.,<br><br>     Defendants. | Civil Action No. 22-5939 (KMW) (AMD)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

  This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 8.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

### I. BACKGROUND

  Plaintiff, a convicted state prisoner, alleges in his complaint that on October 1, 2021, he was shot in the face in Camden, New Jersey. (ECF No. 1 at 1-3.) Plaintiff does not clearly allege who shot him, why he was shot, or the circumstances under which he was shot, but he does allege that he was immediately taken to the hospital. (*Id.*) Although Plaintiff suggests that the City and

County of Camden, the only named Defendants, were in some way responsible for his being shot because of a "custom, practice, policy, and/or procedure coupled with an abdication of responsibilities & duties," he does not identify any policy, practice, procedure, or custom which led to his being shot. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In this matter, Plaintiff seeks to bring civil rights claims against the City and County of Camden arising out of his being shot in the face in October 2021 under unknown circumstances. Even assuming that the shooter was a police officer or other figure employed by either the city or county, Plaintiff's complaint falls far short of alleging a plausible claim for relief against either the city or county. Although a municipal entity, such as a city or county, may be sued under § 1983, such a suit may not be based solely on vicarious theories of liability – i.e., a defendant in a civil rights matter may not be sued based solely on their employment of the alleged wrongdoer or supervisory authority over that wrongdoer. *See, e.g., Iqbal*, 556 U.S. at 676; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Instead, a plaintiff must plead facts indicating that the municipal party was directly involved in the alleged wrongs. *Rode*, 845 F.2d at 1207. To plead such a claim against a municipal entity, a plaintiff must plead facts indicating that the municipality caused the alleged constitutional violation through the issuance or adoption of a policy, practice, or custom which was the moving force behind the alleged violation. *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978);

3

*see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). A municipality may therefore be held liable in three situations:

> The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." [*Bd. Of Cnty. Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 417 (1997)]. The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." *Id.* Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to that need.'" *Id.* at 417-18[] (quoting [*City of Canton*], 489 U.S. [at] 390[).]

*Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).

In his complaint, Plaintiff does not connect the injury he suffered – being shot in the face – to any action of the named Defendants. He does not identify a custom, policy, or practice which resulted in his being shot, and in no way pleads facts connecting the Defendants to his injuries other than the mere location where he was shot. Because Plaintiff has failed to show that the named municipal defendants were personally involved in the alleged wrong, his complaint fails to allege a plausible claim for relief and must be dismissed without prejudice for failure to state a claim for which relief may be granted.

4

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 8) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** in its entirety.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge